UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DIANELYS POLLS,

Plaintiff,

vs.                                                                    Case No.:

HALSTED FINANCIAL SERVICES, LLC.,

Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"). Plaintiff also alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against the Defendant Halsted Financial Services, LLC. Plaintiff alleges that the Defendant unlawfully called the Plaintiff's home phone using an automatic telephone dialing system or auto-dialer and a pre-recorded or artificial voice, without Plaintiff's consent. Defendant made these calls in an attempt to collect an alleged debt belonging to the Plaintiff.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, §1337, and §1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"). Under 28 U.S.C. 1367(a), this Court has supplemental jurisdiction over Plaintiff's state FCCPA claim in that it is so related to the federal TCPA and

1

FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution. Additionally, federal courts have jurisdiction over suits arising under TCPA. *Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740 (2012).

3. This action arises out of Defendant's violations of the FDCPA and FCCPA, in its illegal effort to collect a consumer debt from Plaintiff. This action also arises out of Defendant's violations of TCPA, which prohibits any person "to make any call (other than for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice --(iii) to any telephone number assigned to a paging service, home telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, Defendant transacts business here, and Defendant places calls into this District.

## PARTIES

5. Plaintiff, Dianelys Polls, is a natural person who resides in the City of Hialeah, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is the home subscriber and has dominion over the home telephone that Defendant has been calling.

6. Defendant HALSTED FINANCIAL SERVICES, LLC. (hereinafter "Halsted Financial"), a collection agency operating from an address of 8001 N. Lincoln Avenue, #LL2, Smokie, IL 60077, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is incorporated under the laws of the State of Illinois as a limited liability company.

2

7. Halsted Financial regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts. Halsted Financial regularly collects or attempts to collect debts for other parties.

8. Defendant Halsted Financial is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection practices.

9. Halsted Financial is a "debt collector" as defined in the FDCPA and FCCPA, under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

10. Halsted Financial was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Florida Statute §559.55(1).

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

14. Within 5 days of its initial communication with Plaintiff, Defendant failed to send a letter to Plaintiff notifying her of her rights and privileges under the law.

15. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not she owes the alleged debt and whether the alleged debt was correctly calculated.

16. The Defendant did not provide debtor with written notice of assignment from creditor, within 30 days after the assignment.

17. This lawsuit arises from telephone collection efforts of Defendant over the last four years. Most courts have held that TCPA claims are governed by the four-year federal statute of limitations. *Benedia v. Super Fair Home, Inc.,* 2007 U.S. Dist. LEXIS 71911 (N.D. Ill. 2007); *Stern v. Bluestone,* 850 N.Y.S. 2d 90, 2008 N.Y. Slip Op. 00611 (holding that the TCPA has a four year statute of limitations pursuant to 28 U.S.C. §1658).

18. Defendant attempted to collect an alleged consumer debt from the Plaintiff by unlawfully calling Plaintiff's home telephone in violation of the TCPA.

## COLLECTION CALLS

19. In or about June 2014, Halsted Financial's collectors contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Florida Statute § 559.55(5).

20. During these communications, Defendant called Plaintiff's home telephone using an automated telephone dialing system. Defendant left the following voicemail messages on Plaintiff's home voicemail system playing an artificial or pre-recorded voice. After delivery of the message, the caller immediately disconnected:

(888) 841-7048 06/12/2014

With Halsted Financial Services has been escalated to our final review department due to a lack of response from the required respondents. A full review of this file is being conducted by one of our loss mitigation specialists and a recommendation of action to our client is imminent. In order for your personal statement to be included in this review, call the representative responsible for conducting the review at 888-841-7048 immediately upon receipt of this message. Failure to respond will result in our recommendation being submitted to our client without your personal statement being included. This message is solely intended for Dianelys Polls. If you are not Dianelys Polls, please hang up now and disregard this message. File number 3223085, which was placed with Halsted Financial Services, has been

4

escalated to our final review department due to a lack of response from the required respondents. A full review of this file is being conducted by one of our loss mitigation specialists and a recommendation of action to our client is imminent. In order for your personal statement to be included in this review, call the representative responsible for conducting the review at 888-841-7048 immediately upon receipt of this message. Failure to respond will result in our recommendation being submitted to our client without your personal statement being included. *(Male Voice)*

(888) 841-7048 06/17/2014

With Halsted Financial Services has been escalated to our final review department due to a lack of response from the required respondents. A full review of this file is being conducted by one of our loss mitigation specialists and a recommendation of action to our client is imminent. In order for your personal statement to be included in this review, call the representative responsible for conducting the review at 888-841-7048 immediately upon receipt of this message. Failure to respond will result in our recommendation being submitted to our client without your personal statement being included. This message is solely intended for Dianelys Polls. If you are not Dianelys Polls, please hang up now and disregard this message. File number 3223085, which was placed with Halsted Financial Services, has been escalated to our final review department due to a lack of response from the required respondents. A full review of this file is being conducted by one of our loss mitigation specialists and a recommendation of action to our client is imminent. In order for your personal statement to be included in this review, call the representative responsible for conducting the review at 888-841-7048 immediately upon receipt of this message. Failure to respond will result in our recommendation being submitted to our client without your personal statement being included. *(Male Voice)*

21. On other occasions, upon answering these calls, Plaintiff was greeted with a machine-generated voice that began reading a script, consistent with an automated telephone dialing system using an artificial or pre-recorded voice.

22. Defendant left these voicemail messages with an artificial or pre-recorded voice asking for the Plaintiff. The Plaintiff never provided consent (implied or express) to receiving these prerecorded calls at her home telephone number.

23. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of automatic telephone dialing system. See *In the Matter of Rules & Regulations*

5

*Implementing the Telephone Consumer Protection Act of 2008,* CG Docket No. 02-278, FCC 07-232 (1/4/08); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014 (July 3, 2003).

24. Defendant's calls to Plaintiff's home telephone were all initiated using an automatic telephone dialing system, which contained an artificial voice and/or played a prerecorded message.

25. None of the Defendant's telephone calls to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

26. The Defendant either willfully or knowingly violated the TCPA.

## SUMMARY

27. Defendant and its collection employees engaged in the above-described collection communications by contacting Plaintiff's home telephone, in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d)6, and 1692e(11).

28. During its collection communications, Defendant and the individual debt collectors employed by Halsted Financial failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d) 6, and 1692e(11), amongst others.

29. Defendant's conduct, as detailed above, of harassing Plaintiff in an effort to collect this debt, constitutes violations of numerous and multiple provisions of the FDCPA, as stated herein. Defendant willfully or knowingly violated FDCPA and FCCPA.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P.38.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

31. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

33. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT 2

### HARRASMENT OR ABUSE
### 15 U.S.C. § 1692(d)

34. Plaintiff incorporates by reference all of the above paragraphs 1 through 30 of this Complaint as though fully stated herein.

35. Defendant engaged in conduct with the natural consequence of which was to harass, oppress, or abuse Defendant, when Defendant called the Plaintiff's home telephone in an attempt to collect a debt, leaving prerecorded messages suggesting that legal action had already been filed or would soon be filed. The messages stated that the respondents failed to respond and that the file would be escalated without Plaintiff's personal statement, again, suggesting that legal action was pending and that Plaintiff's inaction would adversely affect her rights in said action, even though no lawsuit had been filed.

36. Defendant's conduct, as evidenced by its false and misleading messages, oppressed, abused, and harassed the Plaintiff, in violation of FDCPA. Further, by the foregoing acts, Defendant violated numerous provisions of FDCPA, including but not limited to 15 U.S.C. 1692(d), namely § 1692d(2) and § 1692d(6).

## COUNT 3

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR
### 15 U.S.C. § 1692e

37. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though fully stated herein.

38. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

## COUNT 4

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
### 15 U.S.C. § 1692d

39. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though fully stated herein.

40. Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that it was a debt collector, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

## COUNT 5

### FALSE OR MISLEADING REPRESENTATIONS IN COMMUNICATIONS
### 15 U.S.C. § 1692(e)

41. Plaintiff incorporates by reference all of the above paragraphs 1 through 30 of this Complaint as though fully stated herein.

42. Defendant left voicemail messages for Plaintiff suggesting that it had or would proceed with legal action, in violation of multiple provisions of FDCPA, including but not limited

to, 15 U.S.C. § 1692(e), namely 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(13).

43. Defendant violated § 1692e of the FDCPA by the foregoing acts.

44. Defendant used false, deceptive, and misleading representations or means in connection with debt collection, and in so doing, failed to comply with FDCPA, specifically 15 USC 1692e.

## COUNT 6

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 USC § 1692g

45. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though fully stated herein.

46. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

47. Defendant acted in an otherwise deceptive, unfair, and unconscionable manner by failing to comply with § 1692g of the FDCPA.

## COUNT 7

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### FLORIDA STATUTE §559.55 et seq. ("FCCPA")

48. Plaintiff incorporates by reference all of the above paragraphs 1 through 30 of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of the Defendant and its agents constitute violation of the FCCPA including Florida Statute § 559.715.

50. As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to Florida Statute § 559.77(2), and

9

reasonable attorney's fees and costs pursuant to § 559.77(2), from the Defendant herein.

## COUNT 8

### VIOLATION OF 553.72(12) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

51. Plaintiff incorporates by reference all of the above paragraphs 1 through 30 of this Complaint as though fully stated herein.

52. Defendant attempted to collect a debt by communicating with the debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney, when the messages suggested that the file would be escalated to the next level without the Plaintiff's personal statement. In addition, the messages indicated that no response had been received from Respondents, again, making Plaintiff believe that there was a pending legal action that required a timely response. In addition, the messages falsely suggested that a claim had been filed against the Plaintiff. Defendant's actions were done in violation of Florida Statute § 559.72(12), FCCPA.

## COUNT 9

### VIOLATION OF 559.72(10) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

53. Plaintiff incorporates by reference all of the above paragraphs 1 through 30 of this Complaint as though fully stated herein.

54. Defendant attempted to collect a debt from Plaintiff by using communications that gave the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law. Defendant used communication that simulates in any manner legal or judicial process, in violation of Florida Statute § 559.72(10), FCCPA.

## COUNT 10

### VIOLATION OF §559.715 OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

55. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though fully stated herein.

56. The Defendant did not provide written notice of the assignment of the right to bill and Collect the debt, within 30 days after the assignment.

57. Florida Statute § 559.715 does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The Defendant did not provide Plaintiff with said notice.

## COUNT 11

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et seq.

58. Plaintiff incorporates by reference all of the above paragraphs 1 through 30 of this Complaint as though fully stated herein.

59. Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's home telephone, which were initiated by an automatic telephone dialing or made using an artificial or prerecorded voice, and not legally permissible under any provision of the aforementioned statute.

60. Plaintiff did not provide implied or express consent to Defendant to contact her on her home phone. In addition, Defendant's telephone calls to Plaintiff were not for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

61. The subject calls were not legally permitted under any provision to the aforementioned statute.

62. In sum, the Defendant made telephone calls to Plaintiff's home phone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

63. Defendant, through its agents, representatives, and/or employees acting within the scope of their authority, willfully and intentionally violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a) Damages;

b) Reasonable attorney's fees and costs;

c) $500 in statutory damages for each violation of the TCPA over the last four years;

d) $1,500 in statutory damages for each knowing or willful violation of the TCPA over the last four years;

e) a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's home telephone using either an automatic telephonic dialing system or an artificial or prerecorded voice; and

f) such further relief as this Court deems just and proper.

Case 1:14-cv-23124-KMW Document 1 Entered on FLSD Docket 08/25/2014 Page 13 of 13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  August 25, 2014          Respectfully submitted,

/s Monica Amor
LAW OFFICES OF MONICA AMOR, P.A.
Monica Amor, Esq.
E-mail: mamor@amorlaw.com
Florida Bar No: 0118664
6355 N.W. 36th Street, Suite 406
Virginia Gardens, Florida 33166
Telephone: (305) 526-8686
Facsimile:  (888) 460-7585
***Lead Trial Counsel for Plaintiff***

/s Lydia C. Quesada
LAW OFFICES OF LYDIA C. QUESADA P.A.
Lydia C. Quesada, Esq.
E-mail: lydia@lquesadalaw.com
Florida Bar No: 0191647
1165 W. 49th Street, Suite 107
Hialeah, Florida 33012
Telephone: (305) 824-9800
Facsimile: (305) 824-3868
***Co-Counsel for Plaintiff***

## SERVICE LIST

Halsted Financial Services, LLC
c/o Pran Navanandan, as Registered Agent
26288 Still Water Circle
Punta Gorda, FL 33950
Defendant